UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ISMAEL ALAMO, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:18–cv–00210 (JCH) |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, Acting | : | JULY 26, 2018 |
| Commissioner, Social Security | : | |
| Administration, | : | |
| Defendant. | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 15)**

**I. INTRODUCTION**

Plaintiff Ismael Alamo ("Alamo") brings this appeal under section 405(g) of title 42 of the United States Code from the final decision of the Commissioner of the Social Security Administration ("SSA"), which denied his application for Title II disability insurance benefits and Title XVI supplemental security income. See Complaint ("Compl.") (Doc. No. 1). The Commissioner moves to dismiss Alamo's Complaint as barred by the statute of limitations. Motion to Dismiss (Doc. No. 15).

For the reasons set forth below, the court concludes that Alamo has a colorable claim for equitably tolling the 60-day statute of limitations. Because the record is insufficient to determine whether Alamo's mental impairment prevented him from complying with the limitations period, the court will hold an evidentiary hearing.

**II. FACTUAL BACKGROUND**

Alamo applied for disability and supplemental security income benefits on January 31, 2014, alleging a disability onset date of August 18, 2012. Compl. at 2 ¶ 5. The Commissioner denied Alamo's application initially on July 16, 2014, and upon

1

reconsideration on October 20, 2014.  Id. at 2 ¶¶ 5–6.  Alamo requested a hearing with an ALJ, which was held before ALJ Noel on June 17, 2016.  Id. at 2 ¶ 8.

On August 31, 2016, the ALJ issued a decision finding that Alamo was not disabled.  Id.  Alamo requested review by the Appeals Council, which denied the request on September 25, 2017.  Id. at 2 ¶ 9.  Pursuant to the Social Security Act, Alamo had sixty days to commence a civil action from the date he received the letter denying his request, which was presumed to be five days after the letter was dated.  42 U.S.C. § 405(g).  Since the Appeals Council mailed its letter to Alamo on September 25, 2017, Alamo had until November 29, 2017, to file a complaint before the 60-day time limit elapsed.  Declaration of Cristina Prelle ("Prelle Decl.") (Doc. No. 15-2) at 3.  Alamo did not file his Complaint until February 2, 2018.  Id. at 4.

In an Affidavit, Alamo's counsel, Ivan Katz, states that he first met with Alamo to discuss representing him in appealing the Commissioner's denial of his disability claim on November 17, 2017.  Affidavit of Ivan Katz ("Katz Aff.") (Doc. No. 18-1) at 1.  Katz avers that, shortly after the meeting, he sent Alamo a letter offering to represent him in his appeal and advising him that certain forms needed to be completed, signed, and returned to him no later than November 28, 2017.  Id.

Katz states that Alamo mailed him the required documents on November 24, 2017, but the documents never arrived at his office.  Id.  Sometime after November 24, 2017, Katz received an empty envelope from the U.S. Postal Service with a note explaining that there was "damage to your mail during handling by the Postal Service."  Id. at 1–2.  Katz then sent a second set of documents to Alamo, including an Application to Proceed In Forma Pauperis.  Id. at 2.  When Katz received the documents in mid-

December 2017, he saw that they were incomplete. Id. The Application to Proceed In Forma Pauperis was signed but contained none of the required information. Id. Katz subsequently sent another set of documents to Alamo. Id. On January 15, 2018, Katz faxed an Application to Proceed In Forma Pauperis to Alamo's sister, who faxed the completed form back to Katz on January 17, 2018. Id. Katz informed Alamo's sister that he needed the original, which he then received during the week of January 22, 2018. Id.

On February 1, 2018, Katz mailed a letter to the Appeals Council seeking an extension of time to file a civil action for Alamo. Id. at 2–3. As of April 2, 2018, Prelle, the Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, SSA, was not aware of any request for an extension of time filed by Alamo. Prelle Decl. at 3.

## III. STANDARD OF REVIEW

Sections 205(g) and (h) of the Social Security Act provide the exclusive remedy for a plaintiff seeking judicial review of the Commissioner's final decision. 42 U.S.C. §§ 405(g), (h). The 60-day requirement in the Act for a plaintiff to commence a civil suit "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986). "A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." Paniagua v. Comm'r of Soc. Sec., 15-cv-20138 (JCM), 2017 WL 699117, at *2 (S.D.N.Y. Feb. 21, 2017) (citations omitted). "Rule 12(b)(6) provides the most appropriate legal basis for a motion to dismiss on statute of limitations grounds because expiration of the statute of limitations presents an affirmative defense." Id. (internal citations and quotation marks omitted). In deciding a

3

12(b)(6) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those allegations in plaintiff's favor. See Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015).

## IV. DISCUSSION

The Social Security Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Under the Commissioner's regulations, the 60-day time period begins when the claimant receives the notice of decision, which is presumed to be five days after the date of such decision unless "there is [a] reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

There is no dispute in this case that Alamo filed his claim after the 60-day period had passed. Although Alamo's counsel states that he submitted a request for an extension of time, see Katz Aff. at 2–3, the Appeals Council did not have Alamo's request in its possession at the time the Commissioner filed the Motion to Dismiss, see Prelle Decl. at 3–4. Given that the Motion to Dismiss remains pending, the Commissioner does not appear to have granted any request by Alamo to allow his civil action to go forward in the time since Alamo's Objection, which noted that Alamo had mailed a letter requesting an extension to the Appeals Council.

Although Alamo did not file his suit within the 60-day limitations period, under the doctrine of equitable tolling, a court may review a complaint filed after the expiration of the statutory period in certain circumstances. See Bowen, 476 U.S. at 480. "[T]he

4

doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (internal citations and quotation marks omitted). Courts have found equitable tolling appropriate "where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way, or where the claimant is incapacitated due to a mental impairment." Marquez v. Comm'r of Soc. Sec., 2013 WL 3344320, at *5 (S.D.N.Y. July 2, 2013) (first citing Bowen, 476 U.S. at 480–81 and then citing Canales v. Sullivan, 936 F.2d 755 on reh'g, 947 F.3d 45 (2d Cir. 1991)).

In Canales v. Sullivan, the Second Circuit held that, "[w]here a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim." Id. at 759. The court noted that equitable tolling due to the effects of a mental impairment "seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures." Id. at 758 (citation omitted).

In his Affidavit, Alamo's counsel states that Alamo's organic brain disorder and affective disorder, which were found by an ALJ to be severe impairments, appear to have "played a significant role in his inability to provide adequate documents to me in a reasonable and timely manner." Katz Aff. at 3–4. The court is unable to determine based on this statement alone whether Alamo's mental impairment rendered him unable to comply with the 60-day limitations period. See Paniagua, 2017 WL 699117, at *4

("Courts in this District have not allowed equitable tolling where claims regarding mental impairments were conclusory and vague, and where no causal connection was made between an alleged mental impairment and the delayed filing."). An organic brain disorder is precisely the kind of mental impairment that could impede a plaintiff's ability to comprehend an administrative procedure, and is substantiated by the ALJ's determination that it qualified as a severe impairment. See Prelle Decl., Ex. 1 (Decision) at 4; cf. Jones v. Comm'r of Soc. Sec., 13-cv-7379-RA-FM, 2015 WL 10641784, at *3 (S.D.N.Y. Aug. 6, 2015) (holding that equitable tolling was not applicable where there was no evidence to suggest that plaintiff's multiple severe impairments, including HIV, depression, and anxiety, "impacted his capacity to such a degree as to render him unable to comply with the Act's requirements."); Kesoglides v. Comm'r of Soc. Sec, No. 13-cv-4724 (PKC), 2015 WL 1439862, at *4 (Mar. 27, 2015) (finding that plaintiff could not justify equitable tolling where he had "stated only that an unspecified illness and the loss of his apartment have left him 'confused and disoriented.'").

The incomplete documents Alamo sent his counsel suggest that his organic brain disorder may have impacted his ability to timely provide his counsel with the necessary information. See Katz Aff. at 2. In addition, the repeated exchanges between Alamo and his counsel, including the mail that the U.S. Postal Service mishandled, indicate that Alamo may have tried to be diligent in pursuing his claim during the limitations period. See Torres, 417 F.3d at 279; Rodriguez v. Barnhart, No. 01-cv-3411 (DAB) (MHD), 2002 WL 31875406, at *5 (S.D.N.Y. Dec. 24, 2002) ("In a case involving a litigant who suffers from a significant cognitive disability or a set of psychological

conditions that render understanding and action difficult, we infer that the 'reasonable diligence' standard requires less than it would for a plaintiff who does not suffer from such handicaps.").

Therefore, the court will hold an evidentiary hearing to determine whether Alamo was incapacitated due to his mental impairment during the 60-day limitations period and exercised reasonable diligence during that period, warranting equitable tolling.  See Canales, 936 F.2d at 759 (reversing dismissal of plaintiff's complaint and remanding for an evidentiary hearing to determine whether equitable tolling of the 60-day statute of limitations is appropriate); Rodriguez, 2002 WL 31875406, at *7 (conducting an evidentiary hearing concerning plaintiff's mental status and her attempts to file a timely complaint).

## V.  CONCLUSION

For the reasons stated above, an evidentiary hearing regarding the impact of Alamo's mental impairment on his ability to comply with the statutory limitations period is scheduled for **August 20, 2018 at 9:15 a.m.**  A separate calendar will issue.

**SO ORDERED.**

Dated at New Haven, Connecticut this 26th day of July, 2018.

                                              /s/ Janet C. Hall_____
                                              Janet C. Hall
                                              United States District Judge